### *H. C. GALLOWAY v. THE STATE.

No. 1890. Decided January 24, 1900.

**1. Bill of Exceptions to Evidence Admitted—Practice on Appeal.**

Unless a bill of exceptions is reserved to admitted evidence, error as to the same will not be considered on appeal.

**2. Local Option—Permitting Juror to Drink and Test the Intoxicant.**

On a trial for violation of local option it is not proper to permit a juror to drink of the same liquor as that sold in order to test its effect. But, where this was done by consent of defendant, and the juror, after drinking nearly a quart of the liquor (hop-ale), made a statement, after the verdict had been agreed upon, to the effect that if a person drank enough of it, it would intoxicate. Held, no cause for reversal where other evidence was conclusive of defendant's guilt. Davidson, P. J., dissenting, holds that appellant's plea of former jeopardy should have been sustained on his motion for rehearing.

APPEAL from the County Court of Limestone. Tried below before Hon. A. J. HARPER, County Judge.

Appeal from a conviction for violating local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

Apellant interposed a plea of former conviction to the effect that he had been convicted, at the same term of court, for selling intoxicating liquors without first procuring a license under the law of 1897 regu-

*This case should have appeared in the 41st volume of the Texas Criminal Reports, but it only reached the hands of the Reporter on October 26, 1901, after the 41st volume was complete.

lating the sale of intoxicating liquors in local option districts. This plea the court overruled without having submitted it to the jury.

The liquor sold by appellant was hop ale, and his contention was that it was not an intoxicant. After the evidence pro and con as to this matter was adduced, W. B. Ray, one of the jurors, asked permission of the court to drink a half quart of the ale which had been introduced in evidence. Defendant's counsel stated that he had no objection whatever, and that the juror could drink it all if he so desired—which the juror promptly did. Afterwards, during the retirement of the jury, and after they had agreed upon their verdict, the juror Ray stated that he believed that if a man could drink enough of it, it would make him drunk. It is positively shown by the affidavits of the jurors that Ray refused and declined to make any statement until the jury had agreed upon the verdict.

*O. S. Stribling* and *Wm. Kennedy,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days imprisonment in the county jail.

Appellant's first contention is "that the verdict of the jury is contrary to the evidence, in this: The testimony establishes that the hop ale sold by defendant was not intoxicating, but shows that same would not produce intoxication when taken in such quantities as may practically be drank." We think the evidence does support the verdict of the jury, and hence appellant's contention is incorrect and without merit.

He also complains that the court permitted a witness to testify that defendant had an internal revenue license posted up in his store, and that said license was dated July, 1899, and was for one year from that date, which was error, "because the record of the commissioners court shows local option did not go into effect in said precinct until October 27, 1899, and because the license, or certified copy thereof, was the best evidence." There was no bill of exceptions reserved to this matter. Hence we can not consider the same.

He complains that the court erred in permitting the State to introduce the record of the commissioners court levying an occupation tax; said order having been made prior to the taking effect of the local option law. We can not see how this order was germane to the trial of appellant on a charge of violating the local option law. Yet, there being no bill of exception, and no injury to the rights of appellant being shown, it is no ground for reversal.

Appellant's fourth ground is: That one of the jurors (W. D. Ray) drank nearly a quart of hop ale after the jury retired to consider of their verdict; said juror stating that the hop ale, which was introduced in evidence, affected him, and he believed that, if a man drank enough

of it, it would make him drunk. That this statement was considered by members of the jury in connection with the testimony of other witnesses, in determining whether said hop ale was intoxicating. That on account of this statement being made in the privacy of the jury room, and where· appellant could not prevent it, it was prejudicial to him. Appellant attached the affidavit of one of the jurors to this effect. The record discloses that appellant agreed with the prosecuting attorney that the juror might drink the hop ale. The affidavit of three members of the jury states that the juror Ray drank the hop ale,· by consent of appellant, during the trial; that Ray made no statement as to the effects of the hop ale on him until after the verdict had been agreed upon. In prosecutions of this character, we do not think it proper practice to have the jury drink any of the liquid alleged to be intoxicating. Certainly this can be proved outside of the testimony of the juror that it is intoxicating. In view of the fact that appellant agreed this might be done, and that the juror Ray did not mention its intoxicating effect to the other jurors until after the verdict had been rendered, and in view of the further fact that the evidence is conclusive, showing the guilt of appellant beyond doubt, we do not see fit to disturb the finding of the jury.

Appellant's fifth complaint is that there is no valid law to sustain this conviction, and that the verdict is contrary to the law. The transcript shows that the orders of the commissioners court were properly passed and adopted, and the local option law properly put in effect, and we do not see how the verdict is contrary to the law. The verdict is amply supported by the evidence, and the judgment is affirmed.

*Affirmed.*

DAVIDSON, Presiding Judge (dissenting).—Appellant was convicted for failing to obtain necessary license authorizing him to sell intoxicants in local option territory. He was then placed on trial under an information charging him with violating the local option law in the same territory. In bar of the second prosecution, he pleaded the conviction in the former case. The plea is in the usual form, and sets up the testimony as being identical in both cases. This plea, on demurrer of the State, was stricken out by the trial court, and appellant reserved an exception. At our Dallas term the judgment in this case was affirmed. The record failed to contain the plea of jeopardy. Motion for rehearing was made, and certiorari awarded to perfect the record by inserting said plea of jeopardy. This has been done, and the case submitted on motion for rehearing. My bretheren, without written opinion, have overruled this motion for rehearing; thereby holding the plea not well taken. The demurrer, of course, admits the truth of the facts set up in the plea; and, in· sustaining the trial court in striking out the demurrer, my brethren have necessarily held that both convictions are and can be sustained by the same facts. To this I can not agree. It is my opinion that the plea should have been sustained. I

deem it unnecessary to cite authorities. To hold otherwise would be to set at naught the constitutional guarantee granting immunity from a second prosecution for the same criminal act, and would permit many convictions for one act. While local option is in force the sales of intoxicants are absolutely prohibited until the necessary license has been obtained. It is made by the statute itself a prerequisite to selling intoxicants in local option territory. See the matter discussed in Watson v. State (decided at present term), 57 S. W. Rep., 101, and authorities there cited. The rehearing should have been granted and the judgment reversed.

[NOTE.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]